UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| VINCENT M. PORTALLA a/k/a/ VINCENT M. MARINO, | * | Criminal Action No. 84-00142-ADB; Civil Action No. 17-11720-ADB (related) |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Currently pending before the Court are the following motions, all filed pro se and related to Petitioner's quest to vacate a 1984 conviction that he contends should be overturned based on more recent case law: (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [ECF No. 16]; (2) Motion to Reconsider the Court's Denial of his Request for a Writ of Error Coram Nobis [ECF No. 19]; (3) two motions seeking orders for the government to show cause as to why it has not acquiesced to his § 2255 petition [ECF Nos. 27, 29]. For the reasons set forth below, each of these motions is denied.

## I. BACKGROUND

On April 12, 1984, Petitioner Vincent M. Marino, previously known as Vincent M. Portalla, was indicted on three counts of knowingly making a false statement in the acquisition of a firearm and two counts of receiving a firearm while under indictment in violation of 18 U.S.C. § 922(a)(6), (h)(1), all related to the purchase of three firearms. [ECF No. 1]. Petitioner pled guilty to all five counts on July 16, 1984. [Id. at 4.] He was sentenced on August 3, 1984, to eighteen months imprisonment on each count to be served concurrently, and he received a

judicial recommendation that he serve the sentences concurrently with a term of imprisonment Petitioner was then-serving for a different conviction. [Id. at 5]. He did not appeal his firearms conviction or sentence, nor did he pursue post-conviction relief under 28 U.S.C. § 2255. [Id.]

In December 1999, long after he completed the eighteen-month sentence for his 1984 firearms convictions, Petitioner was convicted by a jury under the Racketeering Influenced and Corrupt Organizations Act ("RICO") for racketeering and conspiracy to murder in aid of racketeering and sentenced to 420 months' (35 years) imprisonment. See United States v. Marino, No. 97-40009 (D. Mass. Apr. 13, 2000), aff'd 277 F.3d 11 (1st Cir. 2002). It is undisputed that Petitioner completed his sentence on the firearms charges prior to 1999. [ECF No. 19 at 2]. In 2017, Petitioner moved for, and the Court subsequently denied, a writ of coram nobis in which he sought resentencing on his 1999 convictions without the criminal history points resulting from the 1984 conviction. See [ECF No. 15]. He based this request on his contention that his 1984 guilty plea suffered from procedural defects, including that he received ineffective assistance of counsel and did not enter the plea knowingly, intelligently, and voluntarily. + [ECF No. 3 at 5]. Petitioner now asks the Court to reconsider its ruling, again seeking resentencing on the 1999 conviction without including the criminal history points that accrued as a result of the 1984 conviction. In his motion for reconsideration, Petitioner additionally argues that a new change in the law that calls into question the constitutionality of his 1984 conviction is further reason for the resentencing. [ECF No. 19].

## II. SECTION 2255 PETITION

Petitioner seeks habeas review of his 1984 firearms-related conviction based on his assertion that new case law, namely New York State Rifle and Pistol Association v. Bruen, 597 U.S. 1 (2022), renders his conviction unconstitutional and that his counsel was ineffective for

failing to preserve the issue. His petition fails, as this Court lacks subject-matter jurisdiction over the petition given that Petitioner is no longer "in custody" on the 1984 conviction he challenges.[1]

Habeas relief is available only to a petitioner who remains "in custody" on the conviction that he seeks to challenge. 28 U.S.C. § 2255. Here, Petitioner has long since completed the sentence imposed on the 1984 convictions and is therefore no longer in custody for present purposes.[2] This circumstance deprives the court of the subject-matter jurisdiction required for it to adjudicate his habeas claim on its merits. See Maleng v. Cook, 490 U.S. 488, 494 (1989) (per curiam). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Id. (quoting 28 U.S.C. § 2241(c)(3) (emphasis added)); see also 28 U.S.C. § 2254(a). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition was filed." Maleng, 490 U.S. at 490–91. By implication, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492. As a consequence, the Court has no jurisdiction over his petition.

[1] Petitioner's argument that his petition was filed within one year of the Bruen case goes to the timeliness of the petition, but it is not relevant to the jurisdictional requirement that a habeas petitioner be "in custody."

[2] Petitioner does not dispute that he was not "in custody" under the 1984 conviction "at the time his petition was filed." See [ECF No. 19 at 2].

The fact that Petitioner's 1984 conviction placed him in a higher Criminal History Category, resulting in a higher sentence,[3] on his subsequent 1999 RICO conviction does not affect the Court's lack of jurisdiction over the petition. In the Maleng case, the Supreme Court explained that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed has fully expired" simply because the earlier conviction may "be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." 490 U.S. at 492. "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody,'" not the first. Id. at 492–93.

Because this Court lacks jurisdiction over the petition, it does not reach the merits of the Bruen arguments advanced therein. See Rumsfeld v. Padilla, 542 U.S. 426, 426 (2004).

## III. CORAM NOBIS RECONSIDERATION

Petitioner's original coram nobis petition was decided by this Court in 2019 [ECF No. 15]. He filed his motion for reconsideration in April 2023. [ECF No. 19]. This motion seeks reconsideration under "Local Criminal Rule 49.1(d) and Local Civil Rule 6.3." The Court assumes that he means Federal Rules of Civil Procedure 59 and 60 and conducts its analysis under those provisions. See Triantos v. Guaetta & Benson, LLC, 91 F.4th 556, 562 (1st Cir. 2024) (explaining that courts should "guard against the loss of pro se claims due to technical defects" (quoting Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000))). Unlike habeas relief, the writ of coram nobis is available when the petitioner is no longer in custody on the conviction that he is challenging. See Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008). The

[3] This assertion is disputed by the Government. In its view, Petitioner received a below guideline sentence in 1999 whether the sentencing court added the 1984 conviction to his criminal history score or not.

jurisdictional defect in Marino's habeas petition therefore does not affect his motion to reconsider the denial of coram nobis, and the Court will address it on the merits.

"[I]t is settled in this circuit that a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)). Granting a motion for reconsideration under Rule 59(e) "is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Under the rule, a court will alter its order "only if the movant demonstrates that an intervening change in controlling law, a clear legal error, or newly discovered evidence warrants modification of the judgment." In re Genzyme Corp. Sec. Litig., 754 F.3d 31, 46 (1st Cir. 2014).

Additionally, Federal Rule of Civil Procedure 60(b) provides six grounds upon which a court may relieve a party from an order. See Fed. R. Civ. P. 60(b)(1)-(6). Relevant to consideration of Petitioner's motion is Rule 60(b)(6), which is a catchall provision that allows "the court [to] relieve a party . . . from a final judgment, order or proceeding" based on "any . . . reason that justifies relief." Id. 60(b)(6). The rule permits the Court to vacate judgments or orders "whenever such action is appropriate to accomplish justice." BouretEchevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)). "[A] movant seeking relief under Rule 60(b)(6) . . . [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)). "In determining whether extraordinary circumstances are present, a court may consider

a wide range of factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." Sanchez v. United States, No. 00-cv-00141, 2019 WL 2526727, at *2 (D.R.I. June 19, 2019) (quoting Buck v. Davis, 580 U.S. 100, 123 (2017)).

The gravamen of Marino's motion to reconsider is that Bruen announced a new constitutional standard that rendered his firearms convictions unconstitutional, which requires the Court to revisit its earlier decision to withhold the coram nobis writ. As the Court explained in its earlier order, a petitioner seeking coram nobis must (1) "explain his failure to seek earlier relief from the judgment," (2) "show that he continues to suffer significant collateral consequences from the judgment," and (3) "demonstrate that the judgment resulted from an error of the most fundamental character." United States v. George, 676 F.3d 249, 254 (1st Cir. 2012).

Petitioner's request fails. Under First Circuit precedent, the fact that Bruen changed controlling legal standard sufficiently explains his failure to seek earlier relief from the judgment, thereby satisfying the first factor. See Woodward v. United States, 905 F.3d 40, 43 (1st Cir. 2018). That said, even if the Court were to further assume, favorably to Petitioner, that he continues to suffer significant collateral consequences from the 1984 conviction (which the government disputes), he would still be unable to demonstrate that the Bruen ruling means his conviction resulted from an error "of the most fundamental character" because the Supreme Court has given no indication that the novel history-and-tradition test set forth in Bruen and its progeny applies retroactively on collateral review. Cf. Chaidez v. United States, 568 U.S. 342, 344 (2013) (explaining that unless a Supreme Court decision "applies retroactively," a defendant "whose conviction became final before [the ruling]" cannot claim its benefit on collateral review, including in a petition for writ of coram nobis); see also Parker v. United States, No. 22-cr-

00096, 2024 WL 1607080, at *2 & n.3 (D. Me. Apr. 12, 2024) ("Bruen did not establish a new rule with retroactive application . . . ."). The Court thus continues to believe that the interests of justice weigh against granting the writ for the reasons set forth in its 2019 order. [ECF No. 15 at 11-12 (quoting George, 676 F.3d at 258)]. Relief is therefore not warranted under either Rule 59(e) or 60(b), and the motion is denied.

## IV. CONCLUSION

Petitioner's motion for reconsideration and petition for habeas relief are DENIED. The motions for orders to show cause are DENIED as moot.

**SO ORDERED.**

August 16, 2024

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE